MARC J. FAGEL (Cal. Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
    mitchellr@sec.gov
LLOYD FARNHAM (Cal. Bar No. 202231)
    farnhaml@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS S. WU, EBRAHIM SHABUDIN, THOMAS T. YU, and CRAIG S. ON,<br><br>    Defendants. | Case No. CV 11 4988<br><br>[PROPOSED]<br>FINAL JUDGMENT AS TO DEFENDANT CRAIG ON |

I.

The Securities and Exchange Commission having filed a Complaint and Defendant Craig On having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and from violating Section 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls.

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; and from directly or indirectly, violating Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2] by making or causing to be made a materially false or misleading statement to an accountant, or omitting any material fact necessary in order to make statements made to an accountant not misleading, in connection with any audit, review or examination of the financial statements of an issuer.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, and 13a-11 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-11] under the Exchange Act, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's Rules, including annual reports on Form 10-K and current reports on Form 8-K.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by, as a principal executive officer or principal financial officer of an issuer or as a person performing similar functions, falsely certifying any report filed under Section 13(a) [15 U.S.C. § 78m(a)], including reports filed on Form 10-Q or Form 10-K.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that transactions are recorded as necessary to permit

preparation of financial statements in conformity with generally accepted accounting principles or other applicable criteria, and to maintain accountability for assets.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d) and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Craig On as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: December 13, 2011

_____
UNITED STATES DISTRICT JUDGE