MICHAEL S. DICKE (Cal. Bar No. 158187)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
   mitchellr@sec.gov
LLOYD FARNHAM (Cal. Bar No. 202231)
   farnhaml@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>     v.<br><br>THOMAS S. WU, EBRAHIM SHABUDIN, and THOMAS T. YU,<br><br>              Defendants. | Case No. 11-CV-4988 JSW<br><br>[~~PROPOSED~~]<br>FINAL JUDGMENT AS TO DEFENDANT EBRAHIM SHABUDIN |

I.

The Securities and Exchange Commission having filed a Complaint and Defendant Ebrahim Shabudin having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(1)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate

1  commerce or by use of the mails, directly or indirectly, to employ any device, scheme, or artifice
2  to defraud; and from violating Section 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(3)] in
3  the offer or sale of any security by the use of any means or instruments of transportation or
4  communication in interstate commerce or by use of the mails, directly or indirectly to engage in
5  any transaction, practice, or course of business which operates or would operate as a fraud or
6  deceit upon the purchaser.

IV.

8  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and
9  Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or
10  participation with any of them, who receive actual notice of this Final Judgment, by personal
11  service or otherwise, and each of them, are permanently enjoined and restrained from, directly or
12  indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly
13  circumventing or failing to implement a system of internal accounting controls.

V.

15  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and
16  Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or
17  participation with any of them, who receive actual notice of this Final Judgment, by personal
18  service or otherwise, and each of them, are permanently enjoined and restrained from, directly or
19  indirectly, violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying
20  or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the
21  Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; and from directly or indirectly, violating Rule 13b2-2
22  under the Exchange Act [17 C.F.R. § 240.13b2-2] by making or causing to be made a materially
23  false or misleading statement to an accountant, or omitting any material fact necessary in order to
24  make statements made to an accountant not misleading, in connection with any audit, review or
25  examination of the financial statements of an issuer.

VI.

27  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and
28  Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

1  participation with any of them, who receive actual notice of this Final Judgment, by personal
2  service or otherwise, and each of them, are permanently enjoined and restrained from aiding and
3  abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules
4  12b-20, 13a-1, and 13a-11 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-11] under the
5  Exchange Act, by knowingly providing substantial assistance to an issuer which has a class of
6  securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section
7  15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to file with the Commission such accurate
8  and complete information, reports, and documents as are required to be filed with the
9  Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the
10 Commission's Rules, including annual reports on Form 10-K and current reports on Form 8-K.

### VII.

12 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and
13 Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or
14 participation with any of them, who receive actual notice of this Final Judgment, by personal
15 service or otherwise, and each of them, are permanently enjoined and restrained from aiding and
16 abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]
17 by knowingly providing substantial assistance to any issuer which has a class of securities
18 registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the
19 Exchange Act [15 U.S.C. § 78o] in failing to make or keep books, records or accounts, which, in
20 reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of
21 the issuer.

### VIII.

23 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and
24 Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or
25 participation with any of them, who receive actual notice of this Final Judgment, by personal
26 service or otherwise, and each of them, are permanently enjoined and restrained from aiding and
27 abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by
28 knowingly providing substantial assistance to any issuer which has a class of securities registered

pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other applicable criteria, and to maintain accountability for assets.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $175,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d) and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment, and this payment shall be reduced if appropriate, pursuant to the terms of the payment schedule set forth in paragraph XI. below.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at:

http://www.sec.gov/about/offices/ofm.htm

Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

1 and shall be accompanied by a letter identifying the case title, civil action number, and name of
2 this Court; Ebrahim Shabudin as a defendant in this action; and specifying that payment is made
3 pursuant to this Final Judgment.

4     Defendant shall simultaneously transmit photocopies of evidence of payment and case
5 identifying information to the Commission's counsel in this action. By making this payment,
6 Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part
7 of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant
8 to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest
9 on any delinquent amounts pursuant to 28 USC § 1961.

## XI.

11     Ebrahim Shabudin shall pay the total of penalty due in two installments to the
12 Commission according to the following schedule: (1) $50,000, within 14 days of entry of this
13 Final Judgment; (2) $125,000, within 90 days of entry of this Final Judgment, with the amount
14 due, if any, in the second installment reduced by any civil money penalties paid by Ebrahim
15 Shabudin in connection with the administrative proceedings instituted against him by the Federal
16 Deposit Insurance Corporation.

17     If Ebrahim Shabudin fails to make any payment by the date agreed and/or in the amount
18 agreed according to the schedule set forth above, all outstanding payments under this Final
19 Judgment, including post-judgment interest, minus any payments made, shall become due and
20 payable immediately at the discretion of the staff of the Commission without further application
21 to the Court.

## XII.

23     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
24 jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 7, 2013

_____
UNITED STATES DISTRICT JUDGE

SEC v. Wu, et al.  
Case No. 11-cv-4988 JSW

6

Final Judgment as to Defendant Ebrahim Shabudin