UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS S. WU,<br><br>Defendant. | Case No. 11-cv-04988-JSW (EDL)<br><br>**ORDER DENYING DEFENDANT THOMAS WU'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 94 |

Defendant Thomas Wu has filed a Motion for Reconsideration of that portion of the Court's July 7, 2015 Order requiring him to travel to San Francisco for his deposition. For the reasons set forth below, the Motion is DENIED.

**I.   BACKGROUND**

On June 18, 2015, this matter was referred to this Court for discovery purposes, including a dispute regarding the timing and location of Defendant Thomas Wu's deposition (Dkt. No. 84). In an order filed on July 6, 2015, this Court ordered that the deposition of Mr. Wu would proceed as noticed on July 20, 2105 and that the deposition would be held in San Francisco, California. Dkt. 86. In a subsequent Order filed July 7, 2015, this Court observed that "Mr. Wu objects to being deposed at the beginning of the discovery period based on an asserted fear that he is at risk of being criminally charged in the UCB matter. It does not appear that this risk is high, as the three other defendants in the civil action who worked with Mr. Wu at UCB were criminally prosecuted for this bank failure, whereas Mr. Wu has never been charged." Dkt. 87 at 3.

Defendant subsequently moved for leave to file a Motion for Reconsideration of this Order, based on information that Defendant asserts is newly discovered that Mr. Wu is at risk for arrest should he enter the United States. Dkt. 92. This Motion was granted and Defendant then filed a Motion for Reconsideration of that portion of the Court's order that he be deposed in San

1  Francisco.  Dkt. 92, 94.

2  **II.    DISCUSSION**

3      **A.    Legal Standard**

4  "A district court has the discretion to reconsider its prior orders. Sch. Dist. No. 1J,

5  Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration is

6  appropriate if the district court: '(1) is presented with newly discovered evidence, (2) committed

7  clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

8  controlling law.' Id.; see also Civ. L.R. 7–9(b). Aside from these factors, a district court also has

9  inherent authority to reconsider an interlocutory decision to prevent clear error or prevent manifest

10 injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 100

11 L.Ed.2d 811 (1988). Generally, motions for reconsideration are disfavored, and are not the place

12 for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp.

13 v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir.1988). Nor is reconsideration to be used

14 to ask the Court to rethink what it has already thought. See United States v. Rezzonico, 32

15 F.Supp.2d 1112, 1116 (D.Ariz.1998) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,

16 99 F.R.D. 99, 101 (E.D.Va.1983))." Gray v. Golden Gate Nat. Recreational Area, 866 F. Supp. 2d

17 1129, 1132 (N.D. Cal. 2011).

18     **B.    Timeliness**

19 Plaintiff first argues that the Motion for Reconsideration is untimely.  In support of this

20 contention he cites a number of cases that stand for the general proposition that a deponent cannot

21 refuse to attend a deposition without first obtaining a protective order or a stay of an order that he

22 appear at a deposition.  Opp'n at 8-9.  Plaintiff is correct in his statement of this general

23 proposition. See Huene v. United States Dep't of Treasury, 2013 WL 417747, at * 3 (E.D.Cal.

24 Jan. 31, 2013) ("generally, unless a party or witness files a motion for a protective order and seeks

25 and obtains a stay prior to the deposition, a party or witness has no basis to refuse to attend a

26 properly noticed deposition").  However, Plaintiff's argument does not directly address the issue

27 of whether the Motion for Reconsideration was timely filed, as here.

28

### C. Reasonable Diligence in the Discovery of New Evidence

The parties differ on the question of whether Defendant's counsel exercised the required reasonable diligence in discovering that Defendant Wu is at risk for being criminally indicted. Defendant points to Plaintiff's statement in the parties' June 17, 2015 letter brief that "the fact that Wu has not been indicted supports declination of a protective order. While it is true that courts occasionally stay discovery when a defendant is being prosecuted criminally, 'the case for staying civil proceedings is a far weaker one when no indictment has been returned. . . .'" Bauer Decl., Exh. A at p. 5. Defendant's counsel states that he relied on this statement and did not seek further information from the Department of Justice regarding the status of criminal proceedings against Mr. Wu.

According to Defendant, after the Court's July 7 Order was filed, "defendant requested a guarantee of safe passage to and from San Francisco" and "the SEC explain[ed] that it actually does not know whether or not the defendant has been indicted because the criminal investigation is separate from the SEC case." See Bauer Decl., Ex. B. Defendant then got in touch with the Assistant U.S. Attorney who is investigating United Commercial Bank: "I telephoned AUSA Adam Reeves on July 13, 2015 after exchanging emails with the SEC. In that conversation, AUSA Reeves told me that Mr. Wu was still the subject of an ongoing grand jury investigation and that the government was looking at him very closely. He would not confirm or deny that Mr. Wu was already under indictment or subject to an arrest warrant. He also said that if Mr. Wu was charged and arrested when in San Francisco for his deposition, it might be relevant at his detention hearing if he had come to the U.S. voluntarily for the deposition. He did not make any promises or representations suggesting that the government would agree that Mr. Wu could return to his home in Hong Kong, however." Bauer Decl. ¶ 6.

Defendant's counsel also points out that it was not unreasonable for him to rely on Plaintiff's representation regarding Mr. Wu's status in the criminal investigation because it appeared to him that the SEC and DOJ seemed to be working together on this matter and, therefore, he believed both were aware of Mr. Wu's status in the criminal investigation and whether he was already under indictment. Reply at 4.

3

1    Plaintiff's position is that it has, all along, told Defendant that it does not know of any
2    indictment against Mr. Wu, or any grand jury investigation and that it has consistently
3    recommended that Defendant Wu speak directly to the U.S. Attorney regarding this possibility.
4    Opp'n Brief at 9-15.  Plaintiff cites a number of cases for the general proposition that grand jury
5    deliberations are confidential and it therefore would not have known whether Mr. Wu was the
6    subject of such an investigation.  Opp'n at 12.  In his declaration, Plaintiff's lawyer includes a
7    copy of a letter to defense counsel dated May 22, 2105, in which he states that he cannot confirm
8    or deny whether Defendant is the subject of a criminal investigation.  In that letter, he suggests
9    that Defendant Wu's lawyer contact the AUSA handling the criminal investigation.  Habermeyer
10   Decl., Exh. B.

11   Plaintiff relies on a number of cases in which courts found that the party moving for
12   reconsideration did not show, as required, that the evidence it discovered "could not be discovered
13   earlier through due diligence."  Flintkote Co. v. Gen. Accident Assurance Co. of Canada, 692
14   F.Supp.2d 1194, 1197 (N.D. Cal. 2010).  Defendant, however, asserts that these cases are
15   inapposite because they involve situations in which the parties seeking reconsideration were
16   themselves in possession of or had access to the purportedly newly discovered evidence.  Flintkote
17   involved a file that was already in the defendant's office, Alvarez v. Cate 2014 U.S. Dist. LEXIS
18   124565 involved information contained in the moving party's own files, and in Savetsky v. Pre-
19   Paid Legal Services, Inc., 2015 WL 1519066 at * 4 (N.D. Cal. Apr. 3, 2015) the defendant did not
20   attempt to demonstrate reasonable diligence.  Finally, in Fairbaugh v. Life Ins. Co. of N. Am., 872
21   F.Supp.2d 174 (D.Conn.2012), the party moving for reconsideration was already aware of the
22   information (the amount of a social security disability award) on which it based its motion.

23   Defendant, in turn, cites a case, Matthew Enterprise, Inc. v. Chrysler Group LLC, 2015
24   WL 3746736 at *1 (N.D.Cal. May 21, 2015), in which a motion for reconsideration was granted
25   when the moving party showed that representations on which the court had relied in granting a
26   motion to dismiss were not true.  This case is not on point.  Nothing in the record indicates that
27   Plaintiff made any representation to the court that it understood to be untrue.  Certainly, Plaintiff
28   seems to have been careful at least at one point in communicating with Defendant about not

4

making an outright representation that Defendant was not at risk for prosecution, and also did suggest that Defendant contact the AUSA to find out whether this was the case.  On the other hand, Plaintiff suggested to the Court that there was no indictment pending and thus little risk of criminal prosecution.  Although whether Defendant was sufficiently diligent is a close question, the Court will not deny the Motion for Reconsideration on this basis.

### D.      Location of Deposition

Defendant's principle argument is that newly discovered information regarding his risk for arrest upon entering the country is grounds for a reexamination of this Court's previous ruling that his deposition shall take place in San Francisco.  See Bauer Decl. ¶ 6.  The issue, then, is what relevance, if any, the risk of arrest upon entry has to the Court's decision regarding the location of a deposition.  The Court is persuaded by the reasoning in Mill-Run Tours, Inc. v. Khasshoggi, 124 F.R.D. 547 (S.D.NY 1989), that "[i]to would be inappropriate for this Court to act as a prosecutor and order [defendant] to be deposed here as a means of apprehending him," and "[b]y the same token, it would be anomalous if the indictment were to give [defendant] an advantage in this civil litigation by being considered as a factor making it 'inconvenient' for him to appear here for deposition.  Accordingly, [defendant]'s criminal difficulties have not been taken into account in connection with the instant motions." Id. at 551 (citing Farquhar v. Shelden, 116 F.R.D. 70, 73 (E.D. Mich. 1987)).  The court in S.E.C. v. Banc de Binary, 2014 W.L. 1030862 at *9 (D. Nevada 2014) also followed this approach.   Accordingly, this Court has no basis to revisit its previous Order that Mr. Wu's deposition take place in San Francisco.

## III.   CONCLUSION

Defendant's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 14, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge