UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMAS S. WU,<br><br>　　　　Defendant. | Case No. 11-cv-04988-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING ON MOTION FOR TERMINATING SANCTIONS**<br><br>Re: Dkt. No. 113 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 11, 2015 AT 9:00 A.M.: The Court has reviewed the parties' papers, and the parties shall not repeat the arguments set forth therein. If any party intends to rely on authorities not previously cited to this Court, that party is ORDERED to notify the Court and opposing counsel of the citations of these authorities reasonably in advance of the hearing and to make copies available at the hearing.

The parties shall be prepared to address the following questions at the hearing:

1.　Plaintiff Securities and Exchange Commission ("SEC") may wish to file an administrative motion for leave to file its October 2, 2015 motion, which: (a) exceeds the page limits set forth in this Court's standing orders and (b) does not include a one-page summary of argument. If Plaintiff is unable to obtain a stipulation, any such motion should be filed sufficiently in advance of the hearing for Defendant Thomas S. Wu ("Wu") to file an opposition and for the Court to rule. *See* Civil L.R. 7-11. If the Court does not grant a motion for leave before the hearing, the parties shall be prepared to address whether the Court should strike the SEC's motion, or deem waived all arguments raised after page 15 of the motion.

2.　The fourth factor of the Ninth Circuit's test for determining whether dismissal or

1  default is appropriate under Rule 37 of the Federal Rules of Civil Procedure is the public policy
2  favoring disposition of cases on their merits.  If the Court does not order terminating sanctions at
3  this time, will the Court be confronted with the same question at the time of trial?  Is there any
4  realistic possibility that the Court will be able to dispose of this case on the merits?

5        3.  The fifth factor of the Ninth Circuit's test is the availability of less drastic
6  sanctions.  Although here, the motion is for entry of default rather than dismissal, the Court
7  considers that the following factors are relevant: "(1) Did the court explicitly discuss the feasibility
8  of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the
9  court implement alternative methods of sanctioning or curing the malfeasance before ordering
10 [terminating sanctions]? (3) Did the court warn the plaintiff of the possibility of [terminating
11 sanctions] before actually ordering [such sanctions]?"  *Malone v. U.S. Postal Service*, 833 F.2d
12 128, 132 (9th Cir. 1987).  Are less drastic sanctions than judgment against Wu feasible?  Why is
13 entry of default appropriate at this stage of the proceedings?

14       a.  Under this factor, must the Court consider only less drastic sanctions that
15 would induce Wu to appear for his deposition in the Northern District of California as ordered?
16 Or must the Court also consider less drastic sanctions that would not induce Wu to appear, but
17 would mitigate or cure the prejudice to the SEC (under the third factor of the Ninth Circuit's test)
18 of Wu's failure to comply?  What authority do the parties have for their position on this issue?

19       b.  Will any less drastic sanction induce Wu to comply with the Court's order
20 for him to appear at his deposition?  The Court now explicitly warns Wu of the possibility of
21 terminating sanctions if he fails to comply with the order to appear for his deposition in the
22 Northern District of California.  If the Court were to provide Wu with one final opportunity to
23 comply, does Wu contend that there is any possibility that he will take advantage of that
24 opportunity, or would his refusal to return to the United States to be deposed remain unaltered?

25       c.  Would any lesser sanction serve adequately to mitigate or cure the prejudice
26 to the SEC?  For instance, is there any issue upon which the Court may properly hold that it will
27 draw an adverse inference at the summary judgment stage, or issue adverse inference jury
28 instructions, as a sanction for Wu's failure to appear for deposition?  *See* Fed. R. Civ. P.

2

37(b)(2)(A)(i)-(ii).  Under the specific circumstances of this case, would there be any substantive difference between such an adverse inference sanction and an order for terminating sanctions under Rule 37(b)(2)(A)(vi), other than to cause delay?  Alternatively, would it be feasible to preclude Wu from testifying at trial, if he refuses to appear for deposition, or would this prejudice the SEC more than it would prejudice Wu?  What about any other less drastic sanction?  In posing this question, the Court does not wish any party to repeat arguments set forth in the briefs regarding alternatives to the Court's order for Wu's deposition in the Northern District of California.  Rather, the parties should focus on sanctions and remedies for Wu's admitted refusal to comply with that order.

4.  Why should the Court not be persuaded by the reasoning of *SEC v. Razmilovic*, 738 F.3d 14, 25-27 (2d Cir. 2013), in which the Second Circuit concluded that the entry of terminating sanctions against the defendant was not an abuse of discretion where the defendant failed to comply with an order to appear for deposition in New York?  Wu contends that his fear of indictment and arrest justifies his refusal to return to the United States.  In what way is his defiance of the order for his deposition less willful than the conduct of defendant Razmilovic, who refused to return to the United States for deposition following his indictment?  The *Razmilovic* court expressly held the defendant was not sanctioned for being a fugitive, but rather, for failing to appear for his deposition.

5.  Should this Court reconsider the Magistrate Judge's order for Wu to appear for deposition in the United States despite Wu's failure to file a motion for relief from that order pursuant to Civil Local Rule 72-2?  If so:

  a.  The Court notes that the Magistrate Judge held that "a voluntary deposition is not an acceptable substitute for Mr. Wu's compelled testimony in this case," relying on *SEC v. Sabhlok*, No. C 08-4238 CRB (JL), 2009 WL 3561523 at *7 (N.D. Cal. Oct. 30, 2009).  (July 7, 2015 Order at 6.)  Is this case distinguishable from *Sabhlok* because the SEC has not sought issuance of a Walsh Act subpoena for the compelled deposition of a witness, *see* 28 U.S.C. § 1783, but has noticed the deposition of the Defendant in this action pursuant to Federal Rule of Civil Procedure 30?

3

  b. There would be an obvious logistical difficulty associated with seeking this Court's intervention during a deposition in Hong Kong. Is there any other reason that conducting the deposition at the U.S. Consulate General in Hong Kong, subject to stipulated jurisdiction, is not feasible? Would it be feasible for the Court to order: (i) that Wu pay, in advance, all of the SEC's costs of taking and reporting the deposition at the U.S. consulate in Hong Kong, including but not limited to fees for travel time and all associated expenses, and (ii) that the deposition in Hong Kong take place without prejudice to the SEC seeking a further deposition in the Northern District of California, and/or terminating sanctions, if the Court found that despite the SEC's good faith efforts, the deposition at the U.S. Consulate had proved infeasible in practice?

  c. Are the parties aware of any case in which a court has held that fear of indictment and arrest constitutes good cause for failure to appear at a deposition?

  6. If the Court were to grant the SEC's motion, what is the next step? Should the Court then schedule an evidentiary hearing on the issue of damages, or would a different course be appropriate?

**IT IS SO ORDERED.**

Dated: November 24, 2015

                  _____
                  JEFFREY S. WHITE
                  United States District Judge